UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIJON KINNEY,<br><br>    Plaintiff,<br><br>v.<br><br>P.D. BRAZELTON, et al.,<br><br>    Defendants. | CASE NO. 1:14-cv-00503-MJS<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF NO. 1)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |

**SCREENING ORDER**

**I.    PROCEDURAL HISTORY**

Plaintiff Dijon Kinney, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 9, 2014. (ECF No. 1.) He has consented to Magistrate Judge jurisdiction. (ECF No. 4.) His complaint is now before the Court for screening.

**II.   SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from

such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

### III.    SUMMARY OF COMPLAINT

The Complaint identifies the following Pleasant Valley State Prison (PVSP) officials as Defendants: (1) P.D. Brazelton; (2) M.T. Dotson, Captain; (3) R.J. Olaes, Captain; (4) A. Redding, Sergeant; (5) Flores; and (6) John Does 1-10.

Plaintiff alleges the following:

On August 14, 2012, Northern and Southern Hispanic inmates on the Facility C recreation yard rioted. All inmates, including Plaintiff, complied with immediate instructions to lay down face first on cement pavement. The ground was extremely hot as the temperature outside exceeded 100 degrees. Plaintiff was forced to remain on the ground for an extended period of time and later crawl across the pavement. (Compl. at 3.)

Plaintiff was told to "'shut the fuck-up'" and threated with physical harm when he and other inmates complained that their hands and knees were burning. Correctional officers used racial slurs and laughed at and threatened Plaintiff. Defendant Flores made threatening statements while Plaintiff was still lying on the hot ground.

Hispanics were the only participants in the disturbance and Plaintiff, who is black, had not participated in any way. Afterwards Plaintiff requested medical treatment for his burns but was repeatedly denied. (Id. at 4.) Eight days later Plaintiff was allowed to see a doctor who determined that his untreated condition had worsened. (Id. at 5.) Plaintiff filed an inmate grievance on August 29, 2012. (Id. at 14.)

According to a Rules Violation Report filed August 19, 2012, attached to the Complaint as Exhibit E, Plaintiff and seventeen other African-American inmates failed to obey the initial order to lie down. Plaintiff was charged with failing to comply with a

2

lawful order.  On September 19, 2012, Plaintiff was found not guilty and the charge was dismissed.  (Id. at 52.)

Plaintiff asserts claims of retaliation under the First Amendment, inhumane conditions of confinement and inadequate medical care under the Eighth Amendment, and denial of equal protection under the Fourteenth Amendment.  The Court will address each claim below.

**IV.    ANALYSIS**

**A.    Section 1983**

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id.  Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not.  Id. at 1949-50.

**B.     Section 1983 Linkage Requirement**

Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978). Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 129 S.Ct. at 1948. Since a government official cannot be held liable under a theory of vicarious liability in § 1983 actions, Plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions. Id. at 1948. In other words, to state a claim for relief under § 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

The Complaint identifies five named individuals and ten John Does as Defendants. However, Defendant Flores is the only one mentioned by name in the Complaint's factual allegations. There are no allegations indicating that any of the other Defendants participated in the alleged violations. Plaintiff cannot state a cognizable claim against a defendant without setting forth specific facts as to the conduct that proximately caused a violation of his rights. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). The mere fact that a defendant may have supervised the individuals responsible for a violation is not enough. The Defendants may only be held liable in a supervisory capacity if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff has failed to link Defendants Brazelton, Dotson, Olaes, Redding, and John Does 1-10 to the alleged violations of his rights. The Court will provide an opportunity to amend. To state a cognizable claim, Plaintiff must demonstrate that the Defendants personally took some action that violated Plaintiff's constitutional rights. If Plaintiff cannot identify the Defendants by name, he must number the Doe Defendants in the complaint, e.g., "John Doe 1," "John Doe 2," so that each numbered John Doe refers to a different specific person.

### C. Eighth Amendment

#### 1. Conditions of Confinement

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737 (2002); Rhodes, 452 U.S. at 346.

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. Farmer, 511 U.S. at 847.

Plaintiff alleges that he was forced to lay down face first and eventually crawl on hot pavement for an extended period of time. Plaintiff does not specify how long he was forced to stay on the ground but does allege that he suffered burns and his skin blistered. Medical records attached to the Complaint appear to support Plaintiff's allegations regarding his injuries. Defendant Flores was one of the officers who forced Plaintiff to stay on the ground and allegedly made threatening statements.

Plaintiff has identified a substantial risk to his health and may be able to state a claim against Defendant Flores and others. However, the Complaint contains contradictory information as to what preceded the order that Plaintiff stay on the ground. In a prison setting, particularly when, as appears here, a riot is occurring, being forced to lay down on a hot surface may have served a legitimate penological purpose. If so, it did not violate Plaintiff's Eighth Amendment rights. Morgan, 465 F.3d at 1045.

In his summary of facts, Plaintiff alleges that he complied with the order to lie down. The Rules Violation Report, attached to the Complaint, states that Plaintiff initially failed to lay down and then refused again as officers approached him and seventeen other non-compliant inmates. (Compl. at 52.) Plaintiff admitted in his inmate grievance, also attached to the Complaint, that he refused to lie down. (Id. at 16.) The Complaint characterizes the unidentified participating officers as being in a heightened state of awareness when responding to the group of inmates refusing to follow orders. (Id. at 3.)

Defendant Flores and other officers may have used offensive language during the confrontation, but mere verbal harassment or abuse, including the use of racial epithets, does not violate the Constitution and, thus, does not give rise to a claim for relief under 42 U.S.C. § 1983. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987). Plaintiff's pleading suggest two alternative scenarios: (1) Defendants legitimately ordered Plaintiff and others to lie down and stay on the ground in response to their refusal to follow multiple orders in the midst of a prison riot; or (2) the said orders were issued to inflict wanton and unnecessary pain. The Complaint does not clearly identify which scenario

occurred and therefore fails to state a claim. Plaintiff will be given an opportunity to amend.

To state a claim Plaintiff must clarify what exactly happened in chronological order. Plaintiff must allege facts demonstrating that being forced to lie on the ground did not serve a legitimate penological purpose. Plaintiff should clearly allege whether he and others failed to obey an officer's order and how long they were forced to stay down. As discussed above, Plaintiff must also allege specific facts demonstrating how each Defendant is responsible. Plaintiff may not refer to the Defendants generally as a group.

### 2.     Inadequate Medical Care

Plaintiff also alleges that the he was denied medical care for his blisters and burns for approximately eight days. For claims arising out of medical care in prison, "[P]laintiff must show [1] a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Id.

Plaintiff alleges that he suffered burns that caused his skin to blister and required medical care. This adequately alleges a serious medical need and thus satisfies the first element of Plaintiff's Eighth Amendment medical treatment claim. See Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994) ("serious" medical conditions are those a reasonable doctor would think worthy of comment, those which significantly affect the prisoner's daily activities, and those which are chronic and accompanied by substantial pain). However, the Complaint does not specify which Defendant denied Plaintiff access to medical care and therefore fails to state a claim.

The Court will grant leave to amend. To state a claim Plaintiff must allege facts demonstrating that a Defendant denied him access to treatment with knowledge of the serious medical need. Farmer, 511 U.S. at 837.

### D.    Equal Protection

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985); Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013). An equal protection claim may be established by showing that Defendants intentionally discriminated against Plaintiff based on his membership in a protected class, such as race, Hartmann, 707 F.3d at 1123; Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Department of Agriculture, 553 U.S. 591, 601-02 (2008); Village of Willowbrook v. Olech; 528 U.S. 562, 564 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

Plaintiff contends Defendant Flores, among others, forced him to lie down on hot pavement because of Plaintiff's race. However, as previously discussed, the Complaint does not clearly identify Defendant Flores' or any other correctional officer's motivation. There is contradictory information as to what preceded Plaintiff being forced to remain on the ground. Plaintiff alleges his race motivated the Defendants, but the Complaint includes allegations that suggest he was treated the way he was because he and other black inmates disobeyed orders. Plaintiff has failed to state an equal protection claim. The Court will grant leave to amend. To state a claim Plaintiff must allege facts to support the conclusion that the Defendants were motivated by race and not by Plaintiff's failure to obey directives.

### E.    Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Silva v. Di Vittorio, 658

1    F.3d 1090, 1104 (9th Cir. 2011); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985);
2    see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland,
3    65 F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First
4    Amendment retaliation entails five basic elements: (1) An assertion that a state actor
5    took some adverse action against an inmate (2) because of (3) that prisoner's protected
6    conduct, and that such action (4) chilled the inmate's exercise of his First Amendment
7    rights, and (5) the action did not reasonably advance a legitimate correctional goal."
8    Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter,
9    668 F.3d 1108, 1114-15 (9th Cir. 2012); Silva, 658 at 1104; Brodheim v. Cry, 584 F.3d
10   1262, 1269 (9th Cir. 2009).

11          The Complaint alleges Plaintiff was issued a Rules Violation Report in retaliation
12   against Plaintiff for filing an inmate grievance.  Filing a grievance is a First Amendment
13   protected activity.  Valandingham, 866 F.2d at 1138.  However, the alleged retaliatory
14   disciplinary charge was filed ten days before Plaintiff exercised his First Amendment
15   right to file a grievance.  The adverse action, false Rules Violation Report, could not
16   have been motivated by the protected conduct, filing an inmate grievance, if it came first.

17          Plaintiff has failed to state a claim because his allegations do not demonstrate
18   that a grievance was the substantial or motivating factor behind filing the false Rules
19   Violation Report.  Brodheim, 584 F.3d at 1271 (citing Soranno's Gasco, Inc. v. Morgan,
20   874 F.2d 1310, 1314 (9th Cir. 1989)).

21          The Court will grant Plaintiff an opportunity to amend.  To state a claim Plaintiff
22   must explain how the protected conduct was a "'substantial' or 'motivating' factor behind
23   the defendant's conduct."  Id.  Although it can be difficult to establish the motive or intent
24   of the defendant, a plaintiff may rely on circumstantial evidence.  Bruce v. Ylst, 351 F.3d
25   1283, 1289 (9th Cir. 2003) (finding that a prisoner established a triable issue of fact
26   regarding prison officials' retaliatory motives by raising issues of suspect timing,
27   evidence, and statements); Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997); Pratt,
28   65 F.3d at 808 ("timing can properly be considered as circumstantial evidence of

retaliatory intent"). Plaintiff must allege specific facts demonstrating that a Defendant committed an adverse act because of Plaintiff's First Amendment activity. The adverse action must not have reasonably advanced a legitimate correctional goal.

**V.    CONCLUSION**

Plaintiff's Complaint does not state a claim for relief. The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his Complaint, filed April 9, 2014;

2. Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint within thirty (30) days; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.

Dated:   May 30, 2014            /s/ *Michael J. Seng*
                                 UNITED STATES MAGISTRATE JUDGE