UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIJON KINNEY,<br><br>    Plaintiff,<br><br>v.<br><br>P.D. BRAZELTON, et al.,<br><br>    Defendants. | CASE NO. 1:14-cv-00503-AWI-MJS (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REOPEN DISCOVERY**<br><br>**(ECF No. 46)** |

**I.    INTRODUCTION**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action proceeds against Defendant Flores on Plaintiff's Eighth Amendment claims for inadequate medical care and cruel and unusual punishment.

Discovery in this action closed on July 7, 2015. (ECF No. 20.) The deadline was extended to July 21, 2015 for the limited purpose of conducting Plaintiff's deposition out-of-state. (ECF No. 30.) After the expiration of the discovery cut-off, Plaintiff moved to extend the discovery cut-off by ninety days. (ECF No. 33.) The motion was denied for failure to show good cause. (ECF No. 35.)

Before the Court is Plaintiff's January 15, 2016 "Motion for Transcript of Prior Proceedings; And All Discovery of Evidence." (ECF No. 46.) The Court construes the motion as a request to re-open discovery. Defendant filed an opposition. (ECF No. 48.) Plaintiff filed no reply. The matter is submitted. Local Rule 230(*l*).

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 16(b)(4) allows the Court to modify its scheduling order for good cause. The "good cause" standard focuses primarily on the diligence of the party seeking the amendment. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Id. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." Id. Requests for extensions of time brought on or after the applicable deadline are looked upon with disfavor. See Local Rule 144(d).

## III.   DISCUSSION

Plaintiff states that he seeks a transcript, material evidence, video footage, and photographs taken in relation to the incident, as well as "proceedings" held from May 7, 2015 through September 17, 2015. He claims he is entitled to these materials to present an adequate defense. He also claims that this Court held hearings on various discovery disputes during the specified time period. He reiterates his contention, raised and rejected previously, that he was incapable of understanding the discovery and scheduling order or participating effectively in the litigation due to his pro se status.

Defendant points out that Plaintiff is not a criminal defendant and therefore does not have a constitutional right to the specified discovery. He also points out that no proceedings have occurred in this case, other than Plaintiff's deposition.

The Court agrees with Defendant that Plaintiff has failed to show good cause. As the Court previously determined (ECF No. 35), Plaintiff's frequent submissions in this

action reflect that he has vigorously participated in the prosecution of this case. Furthermore, even after being advised that his prior motion to extend the discovery cut-off failed to present good cause, Plaintiff delayed five additional months in submitting the instant motion. Such delay does not reflect the level of diligence required to grant Plaintiff's request for an extension.

Furthermore, as Defendant points out, this is not a criminal action. The cases cited by Plaintiff are inapposite. No proceedings have been conducted in this Court. To the extent Plaintiff desires a copy of his own deposition, he may procure it himself as provided in Federal Rule of Civil Procedure 30(f)(3).

**V.    CONCLUSION**

Based on the foregoing, Plaintiff's motion to reopen discovery (ECF No. 46) is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   February 23, 2016            /s/ *Michael J. Seng*
                                      UNITED STATES MAGISTRATE JUDGE