UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIJON KINNEY,<br><br>          Plaintiff,<br><br>     v.<br><br>P.D. BRAZELTON, et al.,<br><br>          Defendants. | CASE NO. 1:14-cv-00503-AWI-MJS (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO AMEND**<br><br>**(ECF No. 53)** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action proceeds against Defendant Flores on Plaintiff's Eighth Amendment claims for inadequate medical care and cruel and unusual punishment.

Before the Court is Plaintiff's motion to amend his complaint. (ECF No. 53.) Defendant filed no response and the time for doing so has passed. The matter is deemed submitted. Local Rule 230(*l*).

**I.     LEGAL STANDARD**

   **A.     Modification of Scheduling Order**

Districts courts must enter scheduling orders that "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). Once entered by the court, a scheduling order "controls the course of the

1  action unless the court modifies it." Fed. R. Civ. P. 16(d). Scheduling orders are intended
2  to alleviate case management problems. Johnson v. Mammoth Recreations, Inc., 975
3  F.2d 604, 610 (9th Cir.1992). As such, a scheduling order is "not a frivolous piece of
4  paper, idly entered, which can be cavalierly disregarded by counsel without peril." Id.
5  (quoting Gestetner Corp. v. Case Equip. Co., 108 F.R.D. 138, 141 (D. Maine 1985)).
6  Good cause must be shown for modification of the scheduling order. Fed. R. Civ. P.
7  16(b)(4). The Ninth Circuit explained:

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although the existence of a degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.

Johnson, 975 F.2d at 609 (internal quotation marks and citations omitted). Therefore, parties must "diligently attempt to adhere to the schedule throughout the course of the litigation." Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999). The party requesting modification of a scheduling order may be required to show:

> (1) that she was diligent in assisting the Court in creating a workable Rule 16 order, (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference, and (3) that she was diligent in seeking amendment of the Rule 16 order, once it become apparent that she could not comply with the order.

Id. at 608 (internal citations omitted).

### B.   Leave to Amend

Under Rule 15(a)(2), the court should freely give leave to amend a pleading "when justice so requires." The Court should apply this policy "with extreme liberality."

2

Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001) (quoting Morongo Band of Mission Indians v. Rose, 893 F. 2d 1074, 1079 (9th Cir. 1990)). "If the underlying facts or circumstances relied upon by a [party] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Forman v. Davis, 371 U.S. 178, 182 (1962). However, a district court may deny leave to amend where there is "'any apparent or declared reason' for doing so, including undue delay, undue prejudice to the opposing party or futility of the amendment." Lockman Found. v. Evangelical Alliance Mission, 930 F.2d 764, 772 (9th Cir. 1991) (quoting Forman, 371 U.S. at 182). These factors are not to be given equal weight. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). Prejudice to the opposing party must be given the greatest weight. Id. "Absent prejudice, or a strong showing of any of the remaining Forman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Id.

**II.   DISCUSSION**

On November 7, 2014, the Court issued a discovery and scheduling order setting May 7, 2015 as the deadline to amend the pleadings. (ECF No. 20.) Plaintiff filed the instant motion on April 25, 2016. (ECF No. 53.) He provides no explanation for the nearly year-long delay in seeking to amend, and he therefore fails to present good cause. On this basis, the motion will be denied without prejudice. Plaintiff may renew his motion upon a showing of good cause. If Plaintiff chooses to renew his motion, he should take note of the following defects in his request.

First, Plaintiff apparently wishes to supplement his complaint. Supplemental pleadings may be appropriate where additional claims arise after the filing of the operative pleading. Fed. R. Civ. P. 15(d). Here, Plaintiff merely wishes to allege additional facts regarding the incident at issue. In such circumstances, he must amend. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. As a general rule, an amended complaint supersedes the

original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Second, Plaintiff has not provided the Court with his proposed amended complaint. If Plaintiff wishes to amend, he must file a motion demonstrating that amendment is proper under Federal Rule of Civil Procedure 15, and must lodge a copy of his proposed amended complaint with the Court. See Local Rule 137(c).

Lastly, the Court notes that the basis for Plaintiff's amendment is unclear. He states that he wishes to allege additional damages, but he does not state the additional damages he seeks. He appears to state a new cause of action for negligence under state law. However, Plaintiff cannot proceed on a state law claim unless he has complied with the Government Claims Act, which requires exhaustion of such claims with the California Victim Compensation and Government Claims Board. Plaintiff is required to specifically allege compliance with this requirement in his complaint. Shirk v. Vista Unified Sch. Dist., 42 Cal. 4th 201, 208-09 (Cal. 2007). Additionally, the Court notes that Defendant has filed a motion for summary judgment on the constitutional claims. If that motion is granted, the Court will not have supplemental jurisdiction to address Plaintiff's related state law claims. See United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).

**III.   CONCLUSION AND ORDER**

Plaintiff has failed to show good cause for his delayed attempt to amend his complaint. Accordingly, his motion to amend is HEREBY DENIED without prejudice.

IT IS SO ORDERED.

Dated:   May 26, 2016                    /s/ *Michael J. Seng*
                                         UNITED STATES MAGISTRATE JUDGE

4