UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIJON KINNEY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>P.D. BRAZELTON, et al.,<br><br>　　　　Defendants. | CASE NO. 1:14-cv-00503-AWI-MJS (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REOPEN DISCOVERY (ECF No. 51)**<br><br>**ORDER REQUIRING DEFENDANT TO SUBMIT DOCUMENTS FOR IN CAMERA REVIEW**<br><br>**ORDER SETTING TELEPHONIC DISCOVERY DISPUTE CONFERENCE**<br><br>Date: June 21, 2016<br><br>Time: 2:00 p.m. |

**I.    INTRODUCTION**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action proceeds against Defendant Flores on Plaintiff's Eighth Amendment claims for inadequate medical care and cruel and unusual punishment.

Discovery in this action closed on July 7, 2015. (ECF No. 20.) The deadline was extended to July 21, 2015 for the limited purpose of conducting Plaintiff's deposition out-of-state. (ECF No. 30.)

After the expiration of the discovery cut-off, Plaintiff moved to extend the discovery cut-off by ninety days. (ECF No. 33.) The motion was denied for failure to show good cause. (ECF No. 35.)

On October 2, 2015, Defendant filed a motion for summary judgment. (ECF No. 37.) The motion is fully briefed and pending disposition by the Court. (See ECF Nos. 39, 42, 44, 47, 50.)

Plaintiff again moved to re-open discovery on January 15, 2016, presumably to seek evidence in opposition to Defendant's motion for summary judgment. (ECF No. 46.) That motion also was denied for failure to show good cause. (ECF No. 51.)

Before the Court is Plaintiff's third motion to reopen discovery. (ECF No. 51.) The instant motion is brought pursuant to Federal Rule of Civil Procedure 56(d).[1] Defendant filed no opposition and the time for doing so has passed. The matter is deemed submitted. Local Rule 230(*l*).

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 56(d) permits the Court to delay consideration of a motion for summary judgment to allow parties to obtain discovery to oppose the motion. When a motion for summary judgment is filed "before a party has had any realistic opportunity to pursue discovery relating to its theory of the case," a Rule 56(d) motion should be freely granted. Burlington N. Santa Fe R.R. Co. v. Assiniboine and Sioux Tribes of the Fort Peck Reservation, 323 F.3d 767, 773 (9th Cir. 2003).

A party asserting that discovery is necessary to oppose a motion for summary judgment "shall provide a specification of the particular facts on which discovery is to be had or the issues on which discovery is necessary." Local Rule 260(b). However, where "no discovery whatsoever has taken place, the party making a Rule 56[(d)] motion cannot be expected to frame its motion with great specificity as to the kind of discovery

---

[1] Plaintiff's motion refers to Rule 56(f); however, this appears to be an erroneous reference to the pre-2010 version of the Rules. The provisions for delaying consideration of a motion for summary judgment to allow for additional discovery are now contained in Rule 56(d).

1  likely to turn up useful information, as the ground for such specificity has not yet been
2  laid." Burlington N., 323 F.3d at 774. "The Courts which have denied a Rule 56[(d)]
3  application for lack of sufficient showing to support further discovery appear to have
4  done so where it was clear that the evidence sought was almost certainly nonexistent or
5  was the object of pure speculation." VISA Int'l. Serv. Ass'n v. Bankcard Holders of Am.,
6  784 F.2d 1472, 1475 (9th Cir. 1986) (citation omitted).

7  Where a party requests to reopen discovery after discovery has closed, the
8  request also must meet the requirements of Federal Rule of Civil Procedure 16. Districts
9  courts must enter scheduling orders that "limit the time to join other parties, amend the
10 pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). Once
11 entered by the court, a scheduling order "controls the course of the action unless the
12 court modifies it." Fed. R. Civ. P. 16(d). Scheduling orders are intended to alleviate case
13 management problems. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th
14 Cir.1992). As such, a scheduling order is "not a frivolous piece of paper, idly entered,
15 which can be cavalierly disregarded by counsel without peril." Id. (quoting Gestetner
16 Corp. v. Case Equip. Co., 108 F.R.D. 138, 141 (D. Maine 1985)). Good cause must be
17 shown for modification of the scheduling order. Fed. R. Civ. P. 16(b)(4). The Ninth Circuit
18 explained:

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although the existence of a degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.

26 Johnson, 975 F.2d at 609 (internal quotation marks and citations omitted). Therefore,
27 parties must "diligently attempt to adhere to the schedule throughout the course of the
28

3

litigation." Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999). The party requesting modification of a scheduling order may be required to show:

> (1) that she was diligent in assisting the Court in creating a workable Rule 16 order, (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference, and (3) that she was diligent in seeking amendment of the Rule 16 order, once it become apparent that she could not comply with the order.

Id. at 608 (internal citations omitted).

### III. DISCUSSION

Plaintiff seeks (1) a copy of his own deposition (2) documents pertaining to internal affairs investigations and investigations by the Office of the Inspector General into the incident at issue in this case, (3) video footage of the incident, and (4) photographs taken by medical staff and the Office of the Inspector General.

In support of his motion, Plaintiff claims that he believed he would be represented by counsel in this action and therefore did not pursue discovery as required. Attached to the motion are documents reflecting that Plaintiff conferred with counsel in 2012 and early 2013 and, indeed, may have signed a retainer agreement with an attorney. It is unclear whether counsel was retained for purposes of filing suit in relation to this incident or something else. Regardless, this action was filed by Plaintiff himself in April 2014. Given Plaintiff's decision to initiate this action pro se after conferring with counsel, he cannot credibly claim that he believed he was represented in this action. He therefore fails to present good cause to justify reopening discovery.

Nevertheless, to facilitate the efficient resolution of discovery issues and enable summary judgment and/or trial to proceed upon consideration of all relevant evidence, the Court will set this matter for a telephonic discovery dispute conference. The parties will be ordered to meet and confer, prior to the conference, and to attempt to resolve without Court intervention Plaintiff's requests for transcripts, videos, and photographs.

Defense counsel will be ordered to provide certain records, specified below, for the Court's in camera review prior to the conference.

## IV. CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to reopen discovery (ECF No. 51) is DENIED.
2. This matter is set for a telephonic discovery dispute conference on June 21, 2016 at 2:00 p.m.
3. Defense counsel shall arrange for Plaintiff's participation in the conference.
4. The Parties shall participate by calling (888) 204-5984 and then entering access code 4446176#.
5. Prior to the conference, the parties shall meet and confer to attempt to resolve Plaintiff's requests for transcripts, videos, and photographs.
6. No later than June 15, 2016, Defendant shall submit to mjsorders@caed.uscourts.gov the following documents for in camera review: any and all documents in Defendant's possession, custody, or subject to his control relating to the investigation of the August 14, 2012 incident by the California Department of Corrections and Rehabilitation and/or the Office of the Inspector General.
7. Simultaneous with such submission, Defendant shall file and serve a statement of objections, if any he has, to release of such documents to Plaintiff. Objections that the discovery requests are untimely need not be repeated. If Defendant contends that such documents should only be released pursuant to a protective order, Defendant may provide a proposed protective order for the Court's review.

IT IS SO ORDERED.

Dated:   May 27, 2016            /s/ *Michael J. Seng*
                                 UNITED STATES MAGISTRATE JUDGE

5

8.