UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIJON KINNEY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>P.D. BRAZELTON, et al.,<br><br>　　　　　Defendants. | CASE NO. 1:14-cv-00503-AWI-MJS (PC)<br><br>**ORDER REGARDING OBJECTIONS TO MAGISTRATE JUDGE'S DISCOVERY ORDER**<br><br>**(ECF No. 62)** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action proceeds against Defendant Flores on Plaintiff's Eighth Amendment claims for inadequate medical care and cruel and unusual punishment. The matter is before the Court on objections to the Magistrate Judge's order requiring Defendant to submit documents for in camera review.

**I.　PROCEDURAL HISTORY**

Discovery in this action closed on July 7, 2015. (ECF No. 20.) The deadline was extended to July 21, 2015 for the limited purpose of conducting Plaintiff's deposition out-of-state. (ECF No. 30.)

After the expiration of the discovery cut-off, Plaintiff moved to extend the discovery cut-off by ninety days. (ECF No. 33.) The motion was denied for failure to show good cause. (ECF No. 35.)

On October 2, 2015, Defendant filed a motion for summary judgment. (ECF No. 37.) Plaintiff again moved to re-open discovery on January 15, 2016. (ECF No. 46.) That motion also was denied for failure to show good cause. (ECF No. 51.)

On February 29, 2016, Plaintiff filed a third motion to reopen discovery, citing Federal Rule of Civil Procedure 56(d). (ECF No. 51.) Defendant filed no opposition. The Magistrate Judge issued an order purporting to deny the motion as lacking in good cause. (ECF No. 56.) However, "to facilitate the efficient resolution of discovery issues and enable summary judgment and/or trial to proceed upon consideration of all relevant evidence," the Magistrate Judge set the matter for a telephonic discovery dispute conference and ordered the parties to meet and confer and "attempt to resolve Plaintiff's requests for transcripts, videos, and photographs." Additionally, Defendant was ordered to submit the following documents for in camera review, to the extent they are in his possession, custody, or subject to his control: "any and all documents in Defendant's possession, custody, or subject to his control relating to the investigation of the August 14, 2012 incident by the California Department of Corrections and Rehabilitation and/or the Office of the Inspector General." Finally, Defendant was invited to file objections to the release of these documents to Plaintiff and a draft protective order if he believed such was necessary.

Defendant instead filed the instant objections. Plaintiff filed a response. (ECF No. 64.) The matter is submitted.

II.     **LEGAL STANDARD**

Federal Rule of Civil Procedure 72(a) allows parties to file objections to nondispositive orders decided by a Magistrate Judge. "The district judge in the case

2

must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Id.

Similarly, Local Rule 303(c) allows parties to seek reconsideration by a District Judge of a Magistrate Judge's pretrial rulings. Local Rule 303(c). The assigned District Judge shall review all such requests for reconsideration under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A). Local Rule 303(f) (citing Fed. R. Civ. P. 72(a)).

**III. DISCUSSION**

    **A.    Good Cause**

Defendant argues that Plaintiff has not shown good cause for reopening discovery. The Court disagrees and finds there is good cause for reopening discovery for the limited purposes articulated by the Magistrate Judge. The Court has reviewed the docket and finds that Plaintiff has made repeated attempts to obtain this information. These attempts began with an improper Pitchess motion on July 17, 2015. (ECF No. 32.) Thereafter, the Court explained that discovery was closed and again informed Plaintiff of the proper procedures for seeking discovery. (ECF No. 33.) Plaintiff immediately filed a motion for extension of time. He has continued to file such motions. The apparent delay in seeking discovery appears attributable to Plaintiff's ignorance of the law, rather than a lack of diligence. Additionally, the disputed discovery is highly relevant to Plaintiff's claims.

Accordingly, the Court concludes that the Magistrate Judge did not err in reopening discovery for this limited purpose.

    **B.    Rule 56(d)**

Defendant argues throughout his motion that, under Rule 56(d), Plaintiff is not entitled to the discovery at issue in the Magistrate Judge's order. However, the Magistrate Judge indicated that the documents at issue may be relevant for "summary judgment and/or trial." The fact that they were not relied upon in Defendant's summary

judgment motion is not indicative of whether the documents are relevant to Plaintiff's prosecution of this action.

Moreover, Rule 56(d) is not a substantive rule of discovery. It allows the Court to stay proceedings on a motion for summary judgment to allow a party the opportunity to obtain relevant evidence. While a Court may deny a Rule 56(d) stay if the requested discovery is not relevant to the motion, Rule 56(d) does not set the boundaries of relevant or discoverable evidence.

In any event, Defendant's motion for summary judgment has been resolved in Plaintiff's favor. (ECF No. 68.) At this stage, the Court must consider only whether the discovery will be relevant at trial.

### C. Deposition Transcript

Defendant argues that he is not required to provide Plaintiff with a copy of Plaintiff's deposition transcript. The Magistrate Judge did not order Defendant to do so. Defendant merely was ordered to confer with Plaintiff to attempt to resolve this issue. Furthermore, Plaintiff apparently acknowledged during the discovery dispute conference that Defendant has no such duty. (ECF No. 61.) Defendant shows no error on the part of the Magistrate Judge.

### D. Photographs

Defendant argues that Plaintiff may access his own medical files and therefore has access to all relevant photographs regarding his injuries. Simultaneously, however, Defendant concedes that at least some of the photographs are not contained in Plaintiff's medical records. Plaintiff maintains he is unable to access these photographs on his own.

Defendant was ordered to confer with Plaintiff to attempt to resolve this issue. Defendant shows no error on the part of the Magistrate Judge.

### E.  Video and Investigatory Materials

Defendant states that Plaintiff is not entitled to video footage of the alleged incident or reports of subsequent investigations because such information is confidential and privileged.

These objections are not properly before the undersigned. The Magistrate Judge ordered that the investigatory documents be presented for in camera review and invited Defendant to state any objections to their being released to Plaintiff. Defendant did not do so and instead filed the instant objections. The Magistrate Judge has not ruled on any claims of privilege nor ordered the contested materials be release to Plaintiff. Defendant is free to present these arguments to the Magistrate Judge.

With regard to video footage, Defendant was ordered to confer with Plaintiff to attempt to resolve this issue. If Defendant wishes to argue that he cannot do so due to privilege concerns, he may present this argument to the Magistrate Judge.

## IV.  CONCLUSION AND ORDER

Based on the foregoing, Defendant's objections are HEREBY OVERRULED. The matter is referred back to the Magistrate Judge for resolution of the outstanding discovery issues.

IT IS SO ORDERED.

Dated:   October 19, 2016                                      /s/ signature

                                        SENIOR DISTRICT JUDGE