UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIJON KINNEY,<br><br>    Plaintiff,<br><br>    v.<br><br>P.D. BRAZELTON, et al.,<br><br>    Defendants. | CASE NO. 1:14-cv-00503-AWI-MJS (PC)<br><br>**ORDER REGARDING DISCOVERY**<br><br>**Telephonic Discovery Dispute Conference:** January 13, 2017 at 1:30 p.m. in Courtroom 6 (MJS) |

    Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action proceeds against Defendant Flores on Plaintiff's Eighth Amendment claims for inadequate medical care and cruel and unusual punishment.

    On May 27, 2016, the undersigned set this matter for a telephonic discovery dispute conference. (ECF No. 56.) In relation to that conference, the undersigned ordered the parties to meet and confer and "attempt to resolve Plaintiff's requests for transcripts, videos, and photographs." Additionally, Defendant was ordered to submit

certain specified documents for in camera review, and to file any objections he may have to the release of such documents to Plaintiff. Defendant instead filed objections to the order. (ECF No. 62.) Those objections were overruled by the District Judge and the matter was referred back to the undersigned. (ECF No. 71.)

The matter will be set for a telephonic discovery dispute conference to address the following matters that remain in dispute.

**I.    Photographs**

The parties appear to agree that photographs were taken of Plaintiff's injuries and that those photographs are not contained in Plaintiff's medical records. Plaintiff maintains he is unable to access these photographs on his own.

The parties again will be ordered to meet and confer and attempt to resolve this issue without Court intervention. In the event they are unable to do so, the issue will be addressed in the telephonic discovery dispute conference. The Court then will consider whether further orders are necessary or appropriate to facilitate Plaintiff's access to these photographs.

**II.    Video Footage and Investigatory Materials**

Defendant was ordered to meet and confer with Plaintiff to attempt to resolve Plaintiff's request for video footage of the incident. He also was ordered to submit the following documents for in camera review: "any and all documents in Defendant's possession, custody, or subject to his control relating to the investigation of the August 14, 2012 incident by the California Department of Corrections and Rehabilitation and/or the Office of the Inspector General."

Defendant objected to these orders on the grounds that the video footage is confidential under California law and that the investigatory materials are confidential and subject to the official information privilege.

The Supreme Court has long noted that privileges are disfavored. Jaffee v. Redmond, 518 U.S. 1, 9 (1996). "The party asserting an evidentiary privilege has the

burden to demonstrate that the privilege applies to the information in question." <u>Tornay v. United States</u>, 840 F.2d 1424, 1426 (9th Cir. 1988). Privileges are to be "strictly construed" because they "impede full and free discovery of the truth." <u>Eureka Fin. Corp. v. Hartford Acc. and Indem. Co.</u>, 136 F.R.D. 179, 183 (E.D. Cal. 1991). "If the privilege is worth protecting, a litigant must be prepared to expend some time to justify the assertion of the privilege." <u>Id.</u>

In civil rights cases brought under section 1983, questions of privilege are resolved by federal law. <u>Kerr v. U.S. District Court for the Northern District of California</u>, 511 F.2d 192, 197 (9th Cir. 1975). "State privilege doctrine, whether derived from statutes or court decisions, is not binding on federal courts in these kinds of cases." <u>Kelly v. City of San Jose</u>, 114 F.R.D. 653, 655-56 (N.D. Cal. 1987).

Nevertheless, "[f]ederal common law recognizes a qualified privilege for official information." <u>Sanchez v. City of Santa Ana</u>, 936 F.2d 1027, 1033 (9th Cir. 1990) (citing <u>Kerr</u>, 511 F.2d at 198). The official information privilege ensures disclosure of discoverable information without compromising the state's interest in protecting the privacy of law enforcement officials and in ensuring the efficacy of its law enforcement system. <u>Kelly</u>, 114 F.R.D. at 662-63.

"To determine whether the information sought is privileged, courts must weigh the potential benefits of disclosure against the potential disadvantages. If the latter is greater, the privilege bars discovery." <u>Sanchez</u>, 936 F.2d at 1033-34. "In the context of civil rights suits against [corrections officials], this balancing approach should be 'moderately pre-weighted in favor of disclosure.'" <u>Soto</u>, 162 F.R.D. at 613 (quoting <u>Kelly</u>, 114 F.R.D. at 661).

The party invoking the privilege must at the outset make a "substantial threshold showing" by way of a declaration or affidavit from a responsible official with personal knowledge of the matters attested. <u>Soto</u>, 162 F.R.D. at 613. "The claiming official must 'have seen and considered the contents of the documents and himself have formed the

view that on grounds of public interest they ought not to be produced' and state with specificity the rationale of the claimed privilege." Kerr, 511 F.2d at 198 (citation omitted). The affidavit must include: (1) an affirmation that the agency generated or collected the material in issue and has maintained its confidentiality; (2) a statement that the official has personally reviewed the material in question; (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer; (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests, and (5) a projection of how much harm would be done to the threatened interests if disclosure were made. Soto, 162 F.R.D. at 613. In addition, "[t]he asserting party, as in any case where a privilege is claimed, must sufficiently identify the documents so as to afford the requesting party an opportunity to challenge the assertion of privilege." Miller v. Panucci, 141 F.R.D. 292, 300 (C.D. Cal. 1992).

In order for the Court to weigh "the potential benefits of disclosure against the potential disadvantages," Sanchez, 936 F.2d at 1033-34, Defendant once again will be ordered to submit the following documents for in camera review: any and all documents in Defendant's possession, custody, or subject to his control relating to the investigation of the August 14, 2012 incident by the California Department of Corrections and Rehabilitation and/or the Office of the Inspector General. Defendant also will be ordered to submit any and all video footage of the incident for in camera review.

Defendant again is invited to file and serve a statement of objections, if any he has, to release of such documents to Plaintiff. To the extent Defendant intends to claim the official information privilege, Defendant is reminded that he "must be prepared to expend some time to justify the assertion of the privilege." Eureka Fin. Corp., 136 F.R.D. at 183 (E.D. Cal. 1991). Mere argument, such as that presented to the District Judge, is insufficient. Soto, 162 F.R.D. at 613; Kerr, 511 F.2d at 198. Additionally, Defendant must file and serve a privilege log identifying the documents he claims are privileged, so that

Plaintiff may be prepared to respond to Defendant's claim of privilege. Miller, 141 F.R.D. at 300.

The Court is cognizant of Defendant's prior argument that no protective order would be adequate to protect against the security concerns implicated by disclosure of these documents. Nonetheless, Defendant once again is invited to file and serve a proposed protective order for the Court's review, in the event the Court determines that disclosure of these materials to Plaintiff is appropriate.

### III. Conclusion and Order

Based on the foregoing, it is HEREBY ORDERED that:

1. This matter is set for a telephonic discovery dispute conference on January 13, 2017 at 1:30 p.m. in Courtroom 6 (MJS).
2. Defense counsel shall arrange for Plaintiff's participation in the conference.
3. The Parties shall participate by calling (888) 204-5984 and then entering access code 4446176#.
4. Prior to the conference, the parties shall meet and confer to attempt to resolve Plaintiff's requests for photographs of his injuries.
5. No later than January 3, 2017, Defendant shall submit the following materials for in camera review: any and all documents in Defendant's possession, custody, or subject to his control relating to the investigation of the August 14, 2012 incident by the California Department of Corrections and Rehabilitation and/or the Office of the Inspector General; **and** any and all video footage of the August 14, 2012 incident;
6. Documents may be submitted for in camera review by email to mjsorders@caed.uscourts.gov. Videos may be submitted for in camera review through the Clerk's Office;
7. Simultaneous with such submission, Defendant shall file and serve a statement of objections, if any he has, to the release of such documents to

Plaintiff. Objections that the discovery requests are untimely need not be repeated. If Defendant contends that such documents should only be released pursuant to a protective order, Defendant may provide a proposed protective order for the Court's review.

IT IS SO ORDERED.

Dated:  November 28, 2016         /s/ *Michael J. Seng*
                                                    UNITED STATES MAGISTRATE JUDGE