# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIJON KINNEY,<br><br>            Plaintiff,<br><br>       v.<br><br>P.D. BRAZELTON, et al.,<br><br>            Defendants. | Case No.: 1:14-cv-00503-AWI-MJS (PC)<br><br>**ORDER VACATING PRIOR SCHEDULING ORDER**<br><br>**(ECF NO. 70)**<br><br>**FURTHER SCHEDULING ORDER**<br><br>Telephonic Trial Confirmation<br>Hearing:    May 26, 2017, at 10:00 a.m. in Courtroom 2 (AWI)<br><br>Jury Trial:    July 11, 2017, at 8:30 a.m. in Courtroom 2 (AWI) |

      Plaintiff Dijon Kinney is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action proceeds on Plaintiff's first amended complaint against Defendant Flores for cruel and unusual punishment and inadequate medical care in violation of the Eighth Amendment of the United States Constitution. Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the Court

1

previously set the matter for a pretrial conference at trial. (ECF No. 70.) However, due to scheduling conflicts, the prior scheduling order will be vacated. The Court hereby sets the following further schedule for this litigation.

The parties are required to file pretrial statements in accordance with Local Rule 281 and the schedule set forth herein. Plaintiff already has filed a pretrial statement. (ECF No. 77.) If he wishes to amend or add to his pretrial statement, he must do so by the deadline stated below.

In addition, Plaintiff must make a particularized showing to obtain the attendance of witnesses. The procedures and requirements for doing so are outlined in detail below.

**Failure to comply with the provisions of this Order may result in the imposition of sanctions which could include dismissal of the action or entry of default.**

I.   **Special Procedures for Plaintiff's Witnesses**

At the trial of this case, Plaintiff must be prepared to introduce evidence to prove each of the alleged facts that support claims made in the lawsuit. In general, there are two kinds of trial evidence: (1) exhibits and (2) testimony of witnesses. It is Plaintiff's responsibility to produce all of the evidence to prove his case, whether that evidence is in the form of exhibits or testimony from witnesses. If Plaintiff wants to call witnesses to testify, he must comply with the following procedures to ensure that the witnesses will appear at trial and be available to testify.[1] Failure to comply with the procedures set forth below may result in the Court precluding testimony from Plaintiff's witnesses.

A.   Procedures for Obtaining Attendance of Incarcerated Witnesses Who Agree to Testify Voluntarily

An incarcerated witness who agrees to come to court and testify at trial can only do so if the Court orders the warden or other custodian to allow him or her to be transported to

---

[1] Notwithstanding the requirements set forth herein, it is within the Court's discretion to grant a motion for the attendance of incarcerated witnesses if the moving party has shown the witnesses have relevant information and the Court determines the witnesses' presence will substantially further the resolution of the case. Wiggins v. County of Alameda, 717 F.2d 466, 468 n.1 (9th Cir. 1983).

1  court. The Court will not issue such an order unless it is satisfied that: (a) the prospective
2  witness is willing to attend; and (b) he or she has actual knowledge of relevant facts.

3  Plaintiff already has filed a motion requesting the attendance of witness Marques
4  Butler. (ECF No. 78.) If Plaintiff wants to call any other incarcerated witnesses, Plaintiff must
5  serve and file <u>with the pretrial statement</u> a written motion for a court order directing that the
6  witnesses be brought to trial. The motion must: (1) state the name, address, and prison
7  identification number of each such witness; and (2) include declarations showing that each
8  witness is willing to testify and that each witness has actual knowledge of relevant facts. The
9  motion should be entitled "Motion for Attendance of Incarcerated Witnesses."

10 The <u>willingness of the prospective witness</u> to come and testify can be shown in one of
11 two ways: (a) the Plaintiff can swear under penalty of perjury that the prospective witness
12 has informed him that he or she is willing to testify voluntarily without being subpoenaed; if
13 so, the declaration must state when and where the witness so advised the Plaintiff; or (b)
14 Plaintiff can serve and file a declaration, signed under penalty of perjury by the prospective
15 witness, in which the witness states he or she is willing to testify without being subpoenaed.

16 The <u>prospective witness's actual knowledge</u> of relevant facts also can be shown in
17 one of two ways: (a) if Plaintiff has actual firsthand knowledge that the prospective witness
18 was an eyewitness or an ear-witness to the relevant facts (for example, if the incident
19 occurred in Plaintiff's cell and Plaintiff saw that a cellmate was present at the time and
20 observed the incident), Plaintiff can swear by declaration under penalty of perjury that the
21 prospective witness has actual knowledge; or (b) Plaintiff can serve and file a declaration
22 signed under penalty of perjury by the prospective witness in which the witness describes the
23 relevant facts to which he or she was an eye- or ear-witness.

24 Whether the declaration is made by the Plaintiff or by the prospective witness, it must
25 be specific about the incident, when and where it occurred, who was present, and how the
26 prospective witness happened to be in a position to see or hear what occurred.

27 The Court has discretion to grant a motion for the attendance of incarcerated
28 witnesses if the moving party shows that the witnesses have relevant information and the

Court finds that the witnesses' presence will substantially further the resolution of the case. <u>Wiggins</u>, 717 F.2d at 468 n.1. The Court will review and rule on the motion for attendance of incarcerated witnesses, specifying which will be brought to court. Subsequently, the Court will order the witness's custodian to bring the witness to court.

**Motions for the attendance of incarcerated witnesses, if any, must be filed on or before March 31, 2017. Oppositions, if any, must be filed on or before April 28, 2017.**

B. <u>Procedures for Obtaining Attendance of Incarcerated Witnesses Who Refuse to Testify Voluntarily</u>

If Plaintiff seeks to obtain the attendance of incarcerated witnesses who refuse to testify voluntarily, Plaintiff should submit, by **March 31, 2017,** a motion for the attendance of such witnesses. Such motion should be in the form described above. In addition, Plaintiff must indicate in the motion that the incarcerated witnesses are not willing to testify voluntarily.

C. <u>Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Agree to Testify Voluntarily</u>

Plaintiff does not need Court permission or a Court Order to have unincarcerated witnesses appear and testify if the witnesses are willing to do so voluntarily (and Plaintiff has properly identified the witnesses in his Pretrial Statement). It is Plaintiff's sole responsibility to notify the witness of the time and date of trial and arrange for his or her presence. The Court need not be involved.

D. <u>Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Refuse to Testify Voluntarily</u>

If a prospective witness is not incarcerated, and he or she refuses to testify voluntarily, the witness must be served with a subpoena. Fed. R. Civ. P. 45. In addition, the party seeking the witness's presence must deposit fees for the witness in advance of subpoenaing the witness. <u>Id.</u> In the case of an unincarcerated witness, the fee that must be deposited is the daily witness fee of $40.00 plus the witness's travel expenses. 28 U.S.C. § 1821.

If Plaintiff wishes to obtain the attendance of one or more unincarcerated witnesses who refuse to testify voluntarily, and wishes to have the Marshal serve the prospective witness, Plaintiff must, for each witness, submit a money order made payable to the witness for the full amount of the witness's travel expenses plus the daily witness fee of $40.00. The subpoena will not be served on the unincarcerated witness by the United States Marshal unless the money order is tendered to the Court. There is no legal basis for using public funds to cover such expenses in civil cases even for parties proceeding in forma pauperis.

If Plaintiff wishes to have the Marshal serve any unincarcerated witnesses who refuse to testify voluntarily, **Plaintiff must submit the completed subpoenas and money orders to the Court on or before May 12, 2017.**

II.   SCHEDULING ORDER

With regard to the further litigation and trial of this matter, the Court specifically ORDERS as follows:

1. The Court's prior scheduling order (ECF No. 70) is VACATED;
2. This matter is set for telephonic trial confirmation hearing before the Honorable Anthony W. Ishii on May 26, 2017, at 10:00 a.m. in Courtroom 2;
3. This matter is set for jury trial before the Honorable Anthony W. Ishii on July 11, 2017, at 8:30 a.m. in Courtroom 2;
4. Counsel for Defendant is required to initiate the telephonic hearing at (559) 499-5660;
5. Plaintiff shall serve and file a pretrial statement as described in this Order on or before March 31, 2017;
6. Defendant shall serve and file a pretrial statement as described in this Order on or before April 28, 2017;
7. In addition to electronically filing their pretrial statements, the parties shall e-mail their pretrial statements to: awiorders@caed.uscourts.gov;

8. If Plaintiff intends to call additional incarcerated witnesses at trial, Plaintiff shall serve and file a motion for attendance of incarcerated witnesses as described in this Order on or before March 31, 2017;

9. The opposition to the motion for the attendance of incarcerated witnesses, if any, shall be filed on or before April 28, 2017; and

10. If Plaintiff wishes to obtain the attendance of unincarcerated witnesses who refuse to testify voluntarily, Plaintiff must submit the subpoenas and money orders, as described in section I subsection D of this Order, to the Court on or before May 12, 2017.

IT IS SO ORDERED.

Dated:   January 23, 2017            /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE