1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

10   DIJON KINNEY,

11                         Plaintiff,

12          v.

13   S. FLORES,

14                         Defendant.

15

CASE NO. 1:14-cv-00503-AWI-MJS (PC)

**ORDER GRANTING IN PART REQUEST FOR ADDITIONAL REDACTIONS**

**(ECF NO. 101)**

16

17          Plaintiff is a state prisoner proceeding in forma pauperis and with counsel in this

18   civil rights action brought pursuant to 42 U.S.C. § 1983. The action proceeds against

19   Defendant Flores on Plaintiff's Eighth Amendment claims.

20   **I.     Procedural History**

21          On February 29, 2016, Plaintiff filed a motion seeking the following discovery: his

22   own deposition transcript, the final dispositions of investigations performed by the

23   California Department of Corrections and Rehabilitation and the Office of the Inspector

24   General, video footage of the incident, and photographs taken by medical staff. (ECF

25   No. 51) On May 27, 2016, the Court set the matter for a telephonic discovery dispute

26   conference and ordered Defendants to submit specified documents for in camera review.

27   (ECF No. 56.)

28

1    Defendant filed objections to the order (ECF No. 62), which were overruled (ECF

2  No. 71). Defendant ultimately submitted the specified documents for in camera review on

3  January 3 and January 5, 2017. He also submitted a statement of objections to the

4  release of said documents to Plaintiff, a privilege log, and a proposed protective order

5  (ECF Nos. 92- 93).

6    Following a January 13, 2017 conference, the Court ordered that certain

7  documents be produced to Plaintiff's counsel, some of them pursuant to a protective

8  order. (ECF No. 97.) The Court specified limited permissible redactions to those

9  documents. Defendant now seeks to redact additional material. (ECF No. 101.) Plaintiff

10  filed a response. (ECF No. 108.) Defendant filed no reply.

11  **II.    Discussion**

12    **A.    Subjects of Investigation**

13    Defendants first seek to redact "[a]ny reference in the OIA Investigative Report to

14  who the subjects of the OIA Investigation were, including any reference to any notice of

15  rights that would identify the purpose or type of interview." The Court agrees that the

16  issue of whether correctional personnel other than Defendant were the subject of an OIA

17  Investigation is not, in itself, directly relevant to this action. Thus, Defendant may redact

18  all references to any notice of rights, without prejudice to Plaintiff's right to move the

19  Court to release such information upon a showing of good cause for same.

20    To the extent Defendant wishes to redact additional references that would identify

21  the subjects of the investigation, he must first submit to the Court, in camera, a copy of

22  the OIA Investigation Report containing the proposed redactions. Additionally, Defendant

23  must submit an index identifying each page containing the proposed redactions, and the

24  line number or approximate line number of the proposed redactions. Such submission

25  shall    be    made    within    **five    days**    of    the    date    of    this    order    to

26  mjsorders@caed.uscourts.gov. The Court will review the proposed redactions to ensure

27

28

1   that they do not redact relevant and otherwise discoverable information and advise the

2   parties of the results of its review before releasing the information.

3         **B.     Statement of Facts**

4         Defendant next seeks to redact "[t]he entire Section of the OIA Investigative

5   Report entitled 'Statement of Facts from Investigation.'" Defendant argues that this

6   summary of facts, compiled by a third party investigator, cannot in itself be used to

7   impeach any witness to the acts at issue in this case. Additionally, it is cumulative of

8   other information contained in the OIA report, information which already serves to

9   identify potential witnesses. Finally, "it represents the investigator's selection of facts he

10  found significant."

11        Plaintiff responds it would be "entirely inappropriate" to redact the entire

12  Statement of Facts, "which the court found to be relevant and which at least seems likely

13  to contain information that is potentially useful to plaintiff's case."

14        The Court notes that the Statement of Facts does not contain investigative

15  findings or conclusions. It is merely a listing of facts, derived from the investigation, that

16  the investigator found relevant to the specific allegation of misconduct against the

17  Defendant in this action. While the Statement itself likely is inadmissible, it nonetheless

18  may lead to the discovery of admissible evidence, and therefore is a proper subject of

19  discovery. Fed. R. Civ. P. 26(b)(1). The Court reiterates its prior determination that the

20  report contains highly relevant information bearing directly on the incident at issue and

21  potential liability therefore. The Court concludes that the balance of interests tips in favor

22  of requiring Defendant to disclose the Statement of Facts pursuant to the protective

23  order.

24  **III.    Conclusion and Order**

25        Based on the foregoing, it is HEREBY ORDERED that:

26            1.  Defendant's request for additional redactions (ECF No. 101) is GRANTED

27                IN PART as follows:

28

a. Defendant may redact from the OIA Report all references to any notice of rights.

b. To the extent Defendant wishes to redact further material identifying the subjects of the investigation, he must submit his proposed redactions to the Court in camera, along with an index of the proposed redactions, within **five days.** The Court will reserve its ruling on this portion of Defendant's request pending receipt of the proposed redactions, if any.

2. In all other respects, the request is DENIED.

IT IS SO ORDERED.

Dated:   February 21, 2017         /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE