UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIJON KINNEY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>P.D. BRAZELTON, et al.,<br><br>　　　　　Defendants. | CASE NO. 1:14-cv-00503-AWI-MJS (PC)<br><br>**ORDER REGARDING OBJECTIONS TO MAGISTRATE JUDGE'S DISCOVERY ORDER**<br><br>**(ECF No. 102)** |

Plaintiff is a state prisoner proceeding in forma pauperis and with counsel in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action proceeds against Defendant Flores on Plaintiff's Eighth Amendment claims for inadequate medical care and cruel and unusual punishment. The matter is before the Court on objections to the Magistrate Judge's order requiring Defendant to produce certain documents to Plaintiff subject to a protective order.

**I.　Procedural History**

On May 27, 2016, the Magistrate Judge ordered Defendant to submit specified documents for in camera review. (ECF No. 56.) Defendant filed objections to the order (ECF No. 62), which were overruled (ECF No. 71). Defendant ultimately submitted the specified documents for in camera review along with a statement of objections to the

release of said documents to Plaintiff, a privilege log, and a proposed protective order. (ECF Nos. 92- 93.)

Following a January 13, 2017 conference, the Magistrate Judge ordered that some of the materials submitted in camera be produced to Plaintiff's counsel pursuant to a protective order. (ECF No. 97.) The Court specified limited permissible redactions to those materials. Defendant sought additional redactions. (ECF Nos. 101 and 110.) The requests were granted in part. (ECF Nos. 109 and 111.).

Defendant also filed the instant objections to those portions of the order requiring him to release privileged documents to Plaintiff.[1] (ECF No. 102.) Plaintiff filed a response. (ECF No. 108.) Defendant filed no reply.

The Magistrate Judge stayed the order pending review by the undersigned. (ECF No. 105.)

**II.     Legal Standard**

Federal Rule of Civil Procedure 72(a) allows parties to file objections to nondispositive orders decided by a Magistrate Judge. "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Id.

Similarly, Local Rule 303(c) allows parties to seek reconsideration by a District Judge of a Magistrate Judge's pretrial rulings. Local Rule 303(c). The assigned District Judge shall review all such requests for reconsideration under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A). Local Rule 303(f) (citing Fed. R. Civ. P. 72(a)).

**III.    Discussion**

    **A.    Factual Background**

---

[1] Defendant has no objection to releasing to Plaintiff non-privileged material identified in the order. (ECF No. 102 at 1.)

Plaintiff's claims stem from an August 14, 2012 incident at Pleasant Valley State Prison. On that date, a riot broke out between rival gangs of Hispanic inmates. Plaintiff was not involved. Inmates on the yard, including Plaintiff, were ordered to "get down."

Plaintiff was among a group of African American inmates on the yard basketball court that did not comply with the prone out order. According to Plaintiff, the ground was burning hot. Defendant eventually ordered Plaintiff to crawl backwards on the basketball court and Plaintiff then was restrained. Defendant removed Plaintiff from the basketball court and took him to another area, where Plaintiff claims he was forced to kneel on hot pavement. Plaintiff alleges that he was burned as a result, and that he was then denied medical treatment. He attributes both the burns and the lack of medical treatment to the conduct of Defendant Flores.

The instant discovery dispute involves an Office of Internal Affairs ("OIA") Investigative Report of the incident at issue, as well as Exhibits attached thereto.

**B.     Legal Standard – Official Information Privilege**

The Supreme Court has long noted that privileges are disfavored. Jaffee v. Redmond, 518 U.S. 1, 9 (1996). "The party asserting an evidentiary privilege has the burden to demonstrate that the privilege applies to the information in question." Tornay v. United States, 840 F.2d 1424, 1426 (9th Cir. 1988). Privileges are to be "strictly construed" because they "impede full and free discovery of the truth." Eureka Fin. Corp. v. Hartford Acc. and Indem. Co., 136 F.R.D. 179, 183 (E.D. Cal. 1991). "If the privilege is worth protecting, a litigant must be prepared to expend some time to justify the assertion of the privilege." Id.

In civil rights cases brought under section 1983, questions of privilege are resolved by federal law. Kerr v. U.S. District Court for the Northern District of California, 511 F.2d 192, 197 (9th Cir. 1975). "State privilege doctrine, whether derived from statutes or court decisions, is not binding on federal courts in these kinds of cases." Kelly v. City of San Jose, 114 F.R.D. 653, 655-56 (N.D. Cal. 1987).

Nevertheless, "[f]ederal common law recognizes a qualified privilege for official information." Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033 (9th Cir. 1990) (citing Kerr, 511 F.2d at 198). The official information privilege ensures disclosure of discoverable information without compromising the state's interest in protecting the privacy of law enforcement officials and in ensuring the efficacy of its law enforcement system. Kelly, 114 F.R.D. at 662-63.

"To determine whether the information sought is privileged, courts must weigh the potential benefits of disclosure against the potential disadvantages. If the latter is greater, the privilege bars discovery." Sanchez, 936 F.2d at 1033-34. "In the context of civil rights suits against [corrections officials], this balancing approach should be 'moderately pre-weighted in favor of disclosure.'" Soto v. City of Concord, 162 F.R.D. 603, 613 (N.D. Cal. 1995), (quoting Kelly, 114 F.R.D. at 661).

The party invoking the privilege must at the outset make a "substantial threshold showing" by way of a declaration or affidavit from a responsible official with personal knowledge of the matters attested. Soto, 162 F.R.D. at 613. "The claiming official must 'have seen and considered the contents of the documents and himself have formed the view that on grounds of public interest they ought not to be produced' and state with specificity the rationale of the claimed privilege." Kerr, 511 F.2d at 198 (citation omitted). The affidavit must include: (1) an affirmation that the agency generated or collected the material in issue and has maintained its confidentiality; (2) a statement that the official has personally reviewed the material in question; (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer; (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests, and (5) a projection of how much harm would be done to the threatened interests if disclosure were made. Soto, 162 F.R.D. at 613. In addition, "[t]he asserting party, as in any case where a privilege is claimed, must sufficiently

4

identify the documents so as to afford the requesting party an opportunity to challenge the assertion of privilege." Miller v. Panucci, 141 F.R.D. 292, 300 (C.D. Cal. 1992).

### C. Analysis

Defendant objects to the Magistrate Judge's order requiring him to produce the following materials: the OIA Investigative Report; medical reports of injury for other inmates (Exhibit 4); health care services request forms for other inmates (Exhibit 5); internal memoranda (Exhibits 6-12); email string (Exhibit 13); other inmates' staff complaints and investigative materials (Exhibit 16); surveillance video footage (Exhibit 17); photographs of other inmates' injuries (Exhibit 20); and the audio recording of Defendant and associated schematic (Exhibit 63 and 66).

Defendant does not argue that the Magistrate Judge applied the incorrect law in evaluating Defendant's claim of privilege. Indeed, it is plain that the Magistrate Judge applied the same legal standard advocated for by Defendant. Defendant merely argues that, in applying the applicable balancing test, the Magistrate Judge did not give sufficient weight to Defendant's privacy and privilege concerns. The Court notes that, in applying the balancing test, the Magistrate Judge concluded that the records contain "highly relevant information bearing directly on the incident at issue and potential liability therefore." In light of this relevance and the fact that the balancing test is moderately pre-weighted in favor of disclosure, Soto, 162 F.R.D. at 613, the Magistrate Judge concluded that Defendant's privacy and security concerns, although legitimate, did not outweigh the benefits of disclosure. Defendant does not persuasively argue that this this conclusion is clearly erroneous or contrary to law. Nevertheless, the Court will consider Defendant's specific arguments in turn.

#### 1. Federal Rule of Evidence 403

Defendant argues that the OIA Investigative Report, medical reports of injury for other inmates (Exhibit 4); health care services request forms for other inmates (Exhibit 5); internal memoranda (Exhibits 6-12); email string (Exhibit 13); other inmates' staff

complaints and investigative materials (Exhibit 16); photographs of other inmates' injuries (Exhibit 20); and the audio recording of Defendant and associated schematic (Exhibit 63 and 66) are likely too prejudicial to be admitted at trial, and thus these materials should be protected from disclosure. According to Defendant, "[w]here it is likely that evidence will be excluded at trial as unfairly prejudicial . . . , it should be protected from disclosure in discovery." (ECF No. 102 at 3.)

In support of this proposition, Defendant cites Reza v. Pearce, 806 F.3d 497, 508 (9th Cir. 2015.) In Reza, the district court granted a protective order preventing the plaintiff from questioning the defendant in a discrimination case about his acquaintance with a white supremacist. The district court concluded that such information was unlikely to lead to the discovery of admissible evidence and in any event would be cumulative of other information regarding the relationship that already was publicly available. The district court further concluded that the information had l ittle to no probative value and likely would be excluded under Federal Rule of Evidence 403. The Ninth Circuit held that the decision to grant a protective order in these circumstances did not constitute an abuse of discretion.

Reza differs markedly from the instant case. There, the only potential relevance of the line of questioning was to make is "slightly more likely that defendant himself was racist." Reza v. Pierce, No. CV 11–01170–PHX–FJM, 2012 WL 3108814 (D. Ariz. July 31, 2012). However, "[e]vidence that connects defendant to a Neo–Nazi murderer would almost certainly inflame the jury, causing prejudice that would substantially outweigh its minimal probity." Id. Here, the evidence at issue directly describes the events underlying Plaintiff's complaint, and in many instances contains first-hand accounts of those events. Defendant's view that the evidence is not relevant because it relates to individuals who are not parties to the action is unnecessarily limited. Moreover, the evidence itself is not inflammatory. At most, it may have some minimal potential to distract the jury, or to be cumulative of other evidence. Furthermore, even if the evidence ultimately is

6

1 inadmissible, it has the potential to lead to the discovery of admissible evidence. This, rather than the potential for prejudice, is the benchmark for whether the evidence is discoverable. Fed. R. Civ. P. 26(b)(1). Reza is not to the contrary.

With regard to Defendant's more specific concerns, the Court concludes as follows. Defendant argues that the OIA investigative report should not be disclosed because it will create the danger that the jury will base its decision on the report or the actions of non-parties, rather than the conduct of Defendant. Again, the Court is not called upon to decide admissibility at this stage of the proceedings.

Defendant argues that evidence of an internal investigation could confuse the jury because violations of policy or regulations are insufficient to establish a constitutional violation. As an initial matter, the report itself does not appear to contain any conclusions as to whether any violations took place. In any event, admissibility does not determine whether the materials are discoverable.

Defendant argues that medical information of other inmates' injuries is prejudicial as the jury may decide the case based on those injuries, rather than on Defendant's conduct toward Plaintiff. However, to the extent that Defendant may argue that Plaintiff's injuries were not caused by this incident or that Defendant was unaware of any injuries, the number of inmates who were similarly injured in this incident and the consistency of their complaints could undermine such contentions. In any event, the records may lead to the discovery of relevant evidence.

Defendant argues that summaries of witness statements contained in the report are double hearsay and cumulative. As they are cumulative of other portions of the report, the Court finds no particular dangers inherent in their disclosure. Furthermore, that they are hearsay does not, as stated, exclude them from the scope of discovery. Finally, the Court notes that the Magistrate Judge apparently required Defendant to disclose the summaries to avoid the institutional burden, claimed by Defendant, of supervising Plaintiff while he listened to hours of recorded interviews. As Plaintiff has

been granted leave to seek the full recordings upon a showing of good cause, the Court concludes that the summaries may lead to the discovery of relevant and admissible evidence.

Finally, Defendant contends that Plaintiff does not require the OIA Report to identify witnesses because he was on the yard that day and knew who else was present and who may have been involved. This argument is without merit. There is nothing in the record to indicate that Plaintiff is able to identify by memory every inmate and correctional officer involved in this incident. Nor would he necessarily have information regarding what others had seen, done, or heard during the incident. Furthermore, the Court once again reiterates that the relevance of these nearly contemporaneous first-hand accounts is indisputable.

Defendant's objections on these grounds will be overruled.

### 2. Video Surveillance

Defendant argues that "safety and security concerns relating to inmates viewing and studying depictions of tactical responses" outweigh the relevance of the video surveillance footage. The footage, however, shows only the beginning of the riot and does not appear to show any tactical response. Furthermore, Plaintiff is no longer housed at the institution where the events at issue occurred and can gain no discernible benefit from viewing the surveillance footage. Thus, Defendant's safety concerns are somewhat overstated.

As to relevance, Defendant argued on summary judgment that Plaintiff did not face a serious risk of harm from being forced to kneel on hot pavement because all other inmates on the yard, aside from those on the basketball court, complied with the prone out order. Plaintiff responded that the other inmates were on grass or dirt, rather than pavement. The video footage supports Plaintiff's contention. It therefore is relevant to a fact that is in dispute.

Defendant's objection on this ground will be overruled.

### 3. Retaliation

Defendant states that Plaintiff may be subject to retaliatory attacks or manipulation by other inmates once they learn that Plaintiff has received some of their personal information. Declarations submitted by Defendant (ECF Nos. 92-1 and 92-2) support the general proposition that releasing investigative materials to inmates may result in some degree of risk to the inmate and to staff. However, the declarations do not identify any particular risk to Plaintiff from the other inmates who were participants in the OIA investigation. Indeed, it is unknown whether any of these other inmates are housed in the same facility as Plaintiff, or even whether they remain incarcerated. Thus, the concerns articulated by Defendant are too hypothetical to warrant withholding these materials from Plaintiff. Defendant's objection in this regard will be overruled.

### 4. Attorney's Eyes Only

The Magistrate Judge ordered Defendant to submit confidential materials to the possession of Plaintiff's counsel. Plaintiff's counsel was permitted to share the materials and their contents with Plaintiff, but Plaintiff was prohibited from copying or retaining the materials in his possession and from discussing the materials or their contents with any other inmate.

Defendant asks that the disclosure be limited to Plaintiff's attorney's eyes only. He suggests that there is no way to prevent Plaintiff from sharing information with other inmates who may use the information for their own purposes, such as subjecting staff to harassment, impairing staff authority and control, and exposing staff to manipulation. As Plaintiff's counsel notes, such a limitation is likely to impede counsel's preparation of the matter for trial. Furthermore, the Court finds that the information contained in the report is not so sensitive as to require an attorney's eyes only order. Cf. Rios v. Tilton, No. 2:07-cv-0790 KJN P, 2016 WL 2854965 (E.D. Cal. May 16, 2016) (granting attorney's eyes only order where records included references to confidential informants who provided information used to validate inmate as a gang member). Instead, the records

contain differing accounts of an event in which Plaintiff was a direct participant. Defendant's objection in this regard will be overruled.

### IV. Conclusion and Order

Based on the foregoing, Defendant's objections are HEREBY OVERRULED. Pursuant to the Magistrate Judge's prior order (ECF No. 105), Defendant shall produce the materials at issue within three days of the date of this order.

IT IS SO ORDERED.

Dated: March 1, 2017

SENIOR DISTRICT JUDGE