UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIJON KINNEY,<br><br>    Plaintiff,<br><br>v.<br><br>P.D. BRAZELTON, et al.,<br><br>    Defendants. | CASE NO. 1:14-cv-00503-AWI-MJS (PC)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTENDANCE OF INCARCERATED WITNESSES**<br><br>**(ECF No. 78)** |

**I.**    **Introduction**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action proceeds against Defendant Flores on Plaintiff's Eighth Amendment claims. The claims arise from allegations that Defendant required Plaintiff to prone out and kneel on hot asphalt, resulting in burns to Plaintiff's skin, and thereafter refused to allow Plaintiff to seek medical care.

Before the Court is Plaintiff's November 18, 2016 motion for the attendance of incarcerated witnesses at trial. (ECF No. 78.) Defendant filed an opposition. (ECF No. 120.) The matter stands ready for adjudication.

**II.    Plaintiff's Motion**

Plaintiff seeks to have inmate Marques Butler made available to testify at trial. He attests that Butler is willing to testify voluntarily, but does not specify how he has confirmed this is information. He states that Butler has first-hand knowledge of the incident. In support, he cites Butler's civil rights complaint in a separate action involving the same incident, Butler v. Brazelton, No. 1:14-v-01220-DAD-EPG (PC).

Defendant opposes the motion on the ground that it technically is not in compliance with the Court's trial scheduling order, which required Plaintiff to submit a declaration regarding his proposed witnesses' willingness to testify and a declaration setting forth the proposed witnesses' prospective testimony and basis for personal knowledge of the events. (ECF No. 120 (citing ECF No. 70).)

**III.    Legal Standard**

The Court has discretion to grant a motion for the attendance of incarcerated witnesses if the moving party has shown the witnesses have relevant information and the Court determines the witnesses' presence will substantially further the resolution of the case. Wiggins v. County of Alameda, 717 F.2d 466, 468 n.1 (9th Cir. 1983).

**IV.    Discussion**

The information before the Court strongly suggests that Mr. Butler can offer relevant testimony that will further resolution of the case. According to the complaint submitted by Mr. Butler, he was present during the events at issue in this case, was subjected to similar orders as Plaintiff, and suffered similar, although more severe injuries. While it is unclear whether Mr. Butler will be able to testify to the specific interactions between Plaintiff and Defendant in this case, he certainly has personal knowledge of facts that have been disputed in this action, such as whether the asphalt was burning hot, and whether Defendant was advised by inmates, including Mr. Butler, of that fact. Furthermore, the Court notes that it already has concluded, in the context of

the parties' discovery disputes, that other information generated by and about Mr. Butler in relation to this incident is relevant to this action. (See, e.g., ECF No. 97.)

Thus, despite the technical deficiencies in Plaintiff's request, the motion will be granted.

**V.     Conclusion**

Based on the foregoing, Plaintiff has made a sufficient showing to warrant making inmate Marques Butler available to testify at trial.

Accordingly, his motion is HEREBY GRANTED. At the appropriate time, the Court will issue a separate writ of habeas corpus ad testificandum to secure Mr. Butler's attendance.

IT IS SO ORDERED.

Dated:   May 5, 2017                                /s/ *Michael J. Seng*
                                                    UNITED STATES MAGISTRATE JUDGE

3